# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-1370
_____

United States of America,

*Plaintiff - Appellee*,

v.

Antonio Copeland,

*Defendant - Appellant*.
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: March 16, 2026
Filed: July 14, 2026
_____

Before COLLOTON, Chief Judge, GRUENDER and KOBES, Circuit Judges.
_____

COLLOTON, Chief Judge.

Antonio Copeland pleaded guilty to distribution and possession with intent to distribute methamphetamine. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A)-(B). The district

court[*] sentenced Copeland to 292 months' imprisonment, the low end of the advisory sentencing guideline range. Copeland appeals his sentence, and argues for the first time on appeal that the district court impermissibly applied a presumption that the advisory guideline range was reasonable. We conclude that there is no plain error warranting relief, and affirm the judgment.

Copeland did not object in the district court to the alleged use of a presumption, so we review his claim for plain error. *United States v. Alvizo-Trujillo*, 521 F.3d 1015, 1018 (8th Cir. 2008). To obtain relief, he must show an obvious error that affected his substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732-35 (1993).

It is settled that a district court "may not presume that the Guidelines range is reasonable," *Gall v. United States*, 552 U.S. 38, 50 (2007), so it would be plain error for a district court to do so. On this record, however, Copeland has failed to show that the district court plainly erred.

Copeland cites two portions of the sentencing transcript in support of his argument. First, he points to a colloquy regarding his motion for a downward variance from the advisory guidelines. Copeland sought a lower sentence based on a policy disagreement with the sentencing range for "ice methamphetamine,"—that is, methamphetamine "of at least 80% purity." *See* USSG § 2D1.1(c), n.(C). In response, the court stated that it had no policy disagreement with a sentencing discrepancy between pure methamphetamine and a methamphetamine mixture. The

---

[*]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

court volunteered, however, that "[i]f I was drafting the guidelines, I wouldn't have it at the rate that it is."

Second, after the court pronounced sentence, the government inquired whether the court would have imposed the same sentence regardless of the sentencing guidelines. The court stated that it might sentence Copeland differently "if the guidelines are amended and applied retroactively." The court explained it did not "want to foreclose the possibility of the defendant receiving a benefit, if that is deemed to be appropriate and Congress approves it."

Copeland argues that the court's statements show that the judge applied a presumption of reasonableness to the advisory guidelines and failed to make an individualized assessment of his case based on the facts presented. The court's remarks, however, do not establish an obvious error. Although the sentencing guidelines are advisory, and there is no legal presumption that the guideline sentence should apply, the advisory guideline range is a factor that the district court must consider at sentencing. 18 U.S.C. § 3553(a)(4). A court may vary from the guidelines based on a policy disagreement with the Sentencing Commission, but the court is not required to do so. *United States v. Noriega*, 35 F.4th 643, 652 (8th Cir. 2022). Even where a judge volunteers that he would draft the guidelines differently, the judge also must consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6). And the judge may consider that the Sentencing Commission reaches decisions on promulgating and amending guidelines after a deliberative process among a diverse group of seven voting commissioners, informed by comments and data that come to its attention. *See* 28 U.S.C. §§ 991(a), 994(o).

In sum, there are reasons other than an impermissible presumption of reasonableness that a district court may choose to impose a sentence within an advisory range despite expressing a policy disagreement with a sentencing guideline.

So too may a district court properly reserve judgment on how it would sentence in light of a retroactive guideline amendment without applying an impermissible presumption of reasonableness. If the Commission were to amend a guideline in light of comments and data, then a district court properly could consider the Commission's action and rationale, while still making the required individualized assessment of a particular defendant's case.

Copeland did not object in the district court based on an alleged impermissible presumption, so the judge had no occasion to address the matter. The district court did expressly state that it had considered all of the factors under § 3553(a), and specifically discussed Copeland's offense conduct, history, and characteristics. That procedure is consistent with an individualized assessment. *See Gall*, 552 U.S. at 49-50. As the record stands, Copeland has failed to show a plain error warranting relief.

The judgment of the district court is affirmed.

_____